NOT DESIGNATED FOR PUBLICATION

No. 122,337

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD CHRISTOPHER HOCKETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed August 28, 2020.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and
(h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: In this consolidated appeal, Ronald Hockett appeals the trial court's
revocation of his probation and imposition of his underlying prison sentences arising
from three Saline County cases: 16CR1176, 16CR1249, and 18CR18. We granted
Hockett's motion for summary disposition in lieu of briefs under Supreme Court Rule
7.041A (2020 Kan. S. Ct. R. 47). The State responded to Hockett's motion for summary
disposition and asked this court to affirm the decision of the trial court. Based on our
review of the record, we find no error by the trial court and affirm.

In December 2016, Hockett was charged in 16CR1176 with three counts of giving
a worthless check. Later that same month, Hockett was charged in 16CR1249 with two

1

counts of forgery, one count of giving a worthless check, and one count of theft by deception. Under a plea agreement, Hockett pled guilty to two counts of giving a worthless check in 16CR1176, and one count of forgery and one count of theft by deception in 16CR1249. In May 2017, the trial court sentenced Hockett to a total of 12 months in prison but suspended that sentence and granted probation for 18 months.

Hockett was unsuccessful on probation. In February 2018, Hockett was charged in 18CR18 with a 14-count complaint. Hockett ultimately pled no contest to three counts of forgery and one count of theft of motor fuel and stipulated to violating his probation in 16CR1176 and 16CR1249 by committing new crimes. For 18CR18, the trial court granted Hockett 18 months' probation with the mandatory condition that he serve a controlling 45-day jail sanction and imposed an underlying prison sentence totaling 14 months. For violating the terms of his probation in 16CR1176 and 16CR1249, the trial court imposed a 30-day jail sanction and extended the terms of his probation by 18 months.

About a year later, in January 2019, Hockett stipulated to violating the terms of his probation in all three cases by using illegal drugs and consuming alcohol, failing to report to his supervisor, and failing to submit to urinalysis or other testing procedures. The trial court imposed a 120-day prison sanction.

Finally, in December 2019, Hockett stipulated to violating his probation in all three cases, again for using illegal drugs and consuming alcohol, failing to report to his supervisor, and failing to submit to urinalysis or other testing procedures. The trial court observed that Hockett was "not amenable" to probation because he failed to follow the trial court's orders and the terms of his probation on three separate occasions. The trial court revoked his probation and ordered him to serve his underlying prison sentence in each case.

Hockett timely appealed the revocation of his probation. In his motion for summary disposition, Hockett alleges that the trial court abused its discretion by ordering him to serve his underlying prison sentences instead of reinstating his probation. But as Hockett concedes, the trial court had discretion to revoke his probation due to his previous sanctions and his stipulations to his present violations. See K.S.A. 2018 Supp. 22-3716(c)(1)(E). The trial court abuses its discretion when it bases its decision on a legal or factual error or when it enters an order with which no reasonable person could agree. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Because revocation was clearly within the discretion of the trial court, unless the trial court has made a legal or factual error—which Hockett does not argue—this court will set aside the trial court's discretionary decision only if no reasonable person could agree with it. See 306 Kan. at 957.

The trial court's decision to revoke Hockett's probation was not beyond the scope of reasonable action based on his previous violations. Hockett repeatedly demonstrated over the span of several years that he would not comply with the orders of the trial court. We therefore affirm the trial court's decision to revoke Hockett's probation.

Affirmed.